

2005 Decisions

**Opinions of the United
States Court of Appeals
for the Third Circuit**

6-13-2005

# Briggs v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3588

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Briggs v. Comm Social Security" (2005). *2005 Decisions.* Paper 1023.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1023

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-3588

_____

SHAUNETTE BRIGGS, c/o FAYE BRIGGS,

*Appellant*

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 03-cv-01693)
District Judge: Honorable Garrett E. Brown, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a):
June 7, 2005
Before:  FUENTES, VAN ANTWERPEN and BECKER, *Circuit Judges*.

(Filed: June 13, 2005)

_____

OPINION

_____

BECKER, *Circuit Judge*.

This is an appeal by Faye Briggs from an order of the District Court granting

summary judgment in favor of the Commissioner of Social Security on Ms. Briggs' claim

for Social Security Insurance ("SSI") benefits on behalf of her minor daughter Shaunette. The case has already been the subject of an extensive and detailed Memorandum Opinion by Judge Garrett Brown, who concluded that substantial evidence supported the Commissioner's decision. On plenary review, we find ourselves in agreement with Judge Brown, hence we affirm. Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and we limit our discussion to our *ratio decidendi*.

1. First, Ms. Briggs asserts that the ALJ misapplied the law by failing to properly evaluate all of the medical evidence, in violation of our decision in *Cotter v. Harris*, 642 F.2d 700, 705, *reh'g denied*, 650 F.2d 481 (3d Cir. 1981). We disagree. The ALJ reviewed medical evidence from Saint Peter's University Hospital; school assessments from the New Brunswick Public School System; and scheduled consultative examinations by Dr. Sam Wilchfort, Naznin Abdul Rahim, and Dr. Anna Marie Resnikoff. He also considered and evaluated Ms. Briggs' testimony and the testimony of the child. He thus considered all the relevant medical sources in the record. This comprehensive review satisfies *Cotter*.

2. Second, Briggs takes issue with the ALJ's severity analysis at step two of the 20 C.F.R. § 416.920(a)(4) test. Briggs is incorrect. The records of the New Brunswick Public School System, including the evaluations of Naznin Abdul Rahim (speech and language ability) and Dr. Anna Marie Resnikoff (psychiatric evaluation), as well as the

2

professional opinion of these evaluators that Shaunette was uncooperative during testing, all support the ALJ's conclusion that the child did not have a severe impairment. This conclusion was corroborated by the opinions of three state agency medical experts.

3. Ms. Briggs contends that, because Shaunette was considered to be "multiply handicapped" by the school system, she had a severe impairment. However, as Judge Brown correctly explained in his opinion, the term "multiply handicapped" merely made Shaunette eligible for Special Education and Related Services. That language in no way established that Shaunette was disabled for the purposes of eligibility for SSI benefits. It is, of course, not the presence of the impairment, but the extent of its limiting effect which determines if a condition is severe. 20 C.F.R. § 416.920(c). Shaunette's school records do not demonstrate more than minimal functional limitations. Additionally, Shaunette's teachers though she had good skills and potential.

4. Ms. Briggs also submits that the letter from social worker Keith Carter supports her claim that Shaunette's limitation were severe. However, this letter does not discuss the severity of Shaunette's condition, and hence cannot be used to support the conclusion that Shaunette's condition was severe. At all events, even if this were to be deemed contradictory evidence, that does not matter if there is substantial evidence supporting the Commissioner's decision, and there is.

The judgment of the District Court will be affirmed.[1]

---

[1]We find no basis to remand to allow a child psychologist to give testimony regarding the nature and extent of Shaunette's psychiatric impairments. The record already contains

findings of three medical experts who evaluated Shaunette's psychiatric condition.